USDC SCAN INDEX SHEET










```
CAG    2/1/06    9:39
3:06-CV-00221    IMAGEWARE SYSTEMS V. BOSTON EQUITIES CORP
*1*
*CMP.*
```

ORIGINAL

JOHN L. HALLER (SBN: 61392)
PETER L. DEAN (SBN: 56856)
GORDON & REES LLP
101 West Broadway
Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Plaintiff,
ImageWare Systems Inc.

FILED
JAN 30 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'06CV 0221 DMS/WMc

| | |
|---|---|
| IMAGEWARE SYSTEMS INC., a California corporation, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR |
| v. | 1. BREACH OF CONTRACT; and |
| BOSTON EQUITIES CORPORATION, a Nevada corporation; and WIREDRED SOFTWARE CORPORATION, a California corporation, | 2. PATENT INFRINGEMENT |
| Defendants. | AND FOR PRELIMINARY AND PERMANENT INJUNCTION |

Plaintiff ImageWare Systems Inc. (hereinafter "ImageWare") alleges as follows:

I

**JURISDICTION**

1.   This is a civil action for breach of written contract brought against Defendant Boston Equities Corporation (hereinafter "Boston Equities") and for patent infringement against Defendants Boston Equities and WiredRed Software Corporation (hereinafter "WiredRed"). This Court has diversity jurisdiction under 28 USC 1332, and subject matter jurisdiction over the breach of contract claim between Plaintiff ImageWare, a California corporation, and Defendant Boston Equities, a Nevada corporation in that the amount in controversy exceeds $75,000. This

-1-

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND FOR DAMAGES
FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

Court has original subject matter jurisdiction over the patent infringement claim under the United States Patent Laws set forth in Title 35 of the United States Code, giving this Court jurisdiction pursuant to 28 USC Sections 1331 and 1338(a).

## II

## VENUE

2. Plaintiff is informed and believes and therefore alleges this Court is the proper venue under 28 USC sections 1391(b) and 1400, as both Defendants Boston Equities and WiredRed are subject to the personal jurisdiction of this Court, as both doing business in this judicial district. The written contract giving rise to this action against Defendant Boston Equities was entered into and to be performed in this judicial district, and breach of the written agreement occurred in this judicial district. Plaintiff is informed and believes and thereon alleges that its U.S. Patent No. 5,577,179 (hereinafter "the '179 Patent") is infringed in this judicial district by Defendants Boston Equities and Wired Red.

## III

### The Parties

3. Plaintiff Image Ware is a California corporation with its principal place of business in San Diego, California, located at 10883 Thornmint Road, San Diego, CA 92127.

4. Defendant Boston Equities is a Nevada corporation doing business in this judicial district, located at 1660 Union Street, Suite 200, San Diego, CA 92101.

5. Defendant Wired Red is a California corporation and is doing business in this judicial district, with a principal place of business located at 4669 Murphy Canyon Road, Suite 108, San Diego, CA 92123.

Count I

Breach of Contract – Against Defendant Boston Equities

6. The allegations of paragraphs 1 through 5 above are incorporated herein by reference as though fully set forth herein..

7. On or about September 30, 2005 Plaintiff ImageWare and Defendant Boston Equities entered into a written "Limited Exclusive License Agreement" (hereinafter "the

Agreement"). Pursuant to this Agreement, Plaintiff ImageWare granted to Defendant Boston Equities exclusive use of ImageWare's '179 Patent under certain terms and conditions, including payment by Boston Equities to ImageWare of the sum of $500,000 on or before December 15, 2005. In addition, the Agreement specified that ImageWare would receive certain royalties based upon sales by Boston Equities' sublicensee. Plaintiff ImageWare is informed and believes and thereon alleges that Boston Equities has granted WiredRed a sub-license to practice the '179 Patent, and is receiving payments from its sublicense, WiredRed, but is not paying royalties therefrom to ImageWare in breach of the Agreement.

8. Defendant Boston Equities has breached the Agreement by failing and refusing to complete the payment terms specified in the Agreement but nevertheless continuing to permit its sublicense(s) to practice, use and sell products covered by the '179 Patent, without paying the remaining $450,000 of the purchase fee. Plaintiff ImageWare is further informed and believes and thereon alleges that Boston Equities has made the patented technology available to Defendant WiredRed under a sublicense agreement, permitting WiredRed to practice, use and sell infringing products, and that Boston Equities has done so without requiring WiredRed to adhere to the strict requirements of the Agreement., as well as any royalties realized by sale of said products by it. Plaintiff ImageWare is informed and believes and on that basis alleges that Boston Equities continues to permit its sublicensees to use and practice the '179 Patent.

9. As a result of Defendant Boston Equities' breaches of the Agreement, Plaintiff ImageWare has been damaged in an amount to be proven at trial, by the compromise of its rights under the 'Agreement and under its '179 Patent, including but not limited to the amount of $450,000 in unpaid fees and additional amounts in unpaid royalties earned by Boston Equities under its sublicense to WiredRed. ImageWare seeks to recover its damages for breach of contract, prejudgment interest on it damages, and its attorneys' fees.

## Count II

Patent Infringement – Against Defendants Boston Eqities and WiredRed

10. The allegations of paragraphs 1 through 5 and 6 through 9 above are incorporated by reference as fully set forth here.

-3-

11. On November 19, 1996, U. S. Letters of Patent No. 179 entitled "Image Conditioning System" issued to ImageWare as the owner to enjoy all rights, title and interest in and to the '179 Patent ("the patented technology").

12. ImageWare is informed and believes that Defendant Boston Equities is infringing the '179 Patent by inducing infringement and/or contributing to the infringement of the '179 Patent by its sublicense, WiredRed. Boston Equities' right to practice the patent or to permit a sublicense to practice the '179 Patent is contingent on Boston Equities complying with the terms of the Agreement by completing payment of the purchase fee, $450,000 of which remains to be paid. Boston Equities infringes the '179 Patent by granting a sublicense and receiving payments itself under the sublicense, and failing and refusing to pay ImageWare the royalties called for under the Agreement. Further, Boston Equities contributes to and/or induces its sublicense, WiredRed, to infringing the '179 Patent by making the patented technology available to the sublicense and collecting payments from the sublicense for the sublicensee's sales, but failing to pay royalties on such sales to ImageWare.

13. ImageWare is informed and believes and on that basis alleges that Defendant WiredRed is practicing, making, using the technology and selling infringing products covered by the '179 Patent and therefore has infringed and continues to infringe the '179 Patent owned by ImageWare, and will continue to infringe unless enjoined by this Court. ImageWare is informed and believes and on that basis alleges that WiredRed's conduct in infringing the '179 Patent is willful, knowing, malicious, and in total disregard of ImageWare's rights in the '179 Patent, and that ImageWare continues to be damaged by WiredRed's conduct.

14. ImageWare is entitled to obtain a preliminary injunction against Boston Equities and WiredRed to prevent Boston Equities from infringing, inducing infringement, and/or contributing to the infringement of its licensee, and to prevent the sublicense WiredRed from continuing to practice the '179 Patent during the pendency of this action, and thereafter to obtain a permanent injunction, and to obtain damages for Boston Equities' infringement, inducing infringement and/or contributing to the infringement of the '179 Patent, and to obtain damages for WiredRed's infringing conduct, and to obtain treble damages by reason of the willful

infringement of the '179 Patent by Boston Equities and WiredRed.

WHEREFORE, plaintiff prays damages and relief as follows:

1. For an award of compensatory damages against Defendant Boston Equities resulting from its breach of contract, in an amount subject to proof at trial to include $450,000 in addition to any royalties earned by Boston Equities from sale, use or sublicense of the patented technology covered by the '179 Patent, and to include an award of prejudgment interest;

2. That Defendants Boston Equities and WiredRed be preliminarily enjoined during the pendency of this action and thereafter permanently enjoined from infringing, contributing to the infringement and inducing the infringement of the '179 Patent, and specifically from making, selling, marketing, advertising, offering for sale, or selling the patented technology covered by the patent without the express written authority of Plaintiff ImageWare, and that Defendants Boston Equities and WiredRed be ordered to deliver to ImageWare its entire inventory of system, e-data, and all other materials associated with the patented technology covered by the '179 Patent.

3. For damages suffered by Plaintiff ImageWare as a result of the infringement of the '179 Patent by Boston Equities and WiredRed, and for an award of treble damages for the willful infringement of the '179 Patent;

4. For an award of cost incurred in pursuing this litigation; and

5. Such other and just relief as is deemed appropriate by this Court.

Dated: January 30, 2006                    GORDON & REES, LLP

By: _____
John L. Haller
Peter L. Dean
Attorneys for Plaintiff
IMAGEWARE SYSTEMS INC.

-5-

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND FOR DAMAGES
FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

AO 120 (Rev.3/04)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court San Diego on the following Patents or Trademarks:

| DOCKET NO.<br>06cv221 DMS(WMc) | DATE FILED<br>1/30/06 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br>Imageware Systems Inc. | | DEFENDANT<br>Boston Equities Corp., Wiredred Software Corp. |
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 See attached complaint | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
|  |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
|  |  |  |

Copy 1 - Upon initiation of action, mail this copy to Director    Copy 3 - Upon termination of action, mail this copy to Director
Copy 2 - Upon filing document adding patent(s), mail this copy to Director    Copy 4 - Case file copy

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
IMAGEWARE SYSTEMS, INC., a California corporation

**DEFENDANTS**
BOSTON EQUITIES CORPORATION, a Nevada corporation; an WIREDRED SOFTWARE CORPORATION, a California corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

FILED
JAN 30 2006
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GORDON & REES LLP
101 WEST BROADWAY
SUITE 1600
SAN DIEGO, CA 92101
619-696-6700

ATTORNEYS (IF KNOWN)

06CV 0221  DMS WMc

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   Diversity jurisdiction under 28 USC 1332; breach of contract; patent infringement 28 USC Sections 271, et seq.   28:1338pt

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [X] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ in excess   CHECK YES only if demanded in complaint: JURY DEMAND: [X] YES  [ ] NO

**VIII. RELATED CASE(S) IF ANY**  (See instructions):   JUDGE _____   Docket Number _____

DATE  January 30, 2006

SIGNATURE OF ATTORNEY OF RECORD  /s/ John L. Haller    JOHN L. HALLER, ESQ.

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

PAID $250 ~ 1/31/06
BH   rcpt #120909